Mary R. Cobb, Adm'x.
vs.
Eli A. Wilcox
and
Rhode Island Hospital Trust Co.

No. 84240.

June 11, 1932.

BLODGETT, J. Heard without the intervention of a jury.

Plaintiff, as administratrix with the will annexed of Julia A. Hope, late of Providence, deceased, brings this action against defendants, co-executors under the will of William H. Hope, late of Providence.

Action is based upon a negotiable promissory note dated May 3, 1924, payable to the order of said Julia A. Hope on demand. Julia A. Hope died August 28, 1929.

Declaration alleges that at the time of the death of said Julia, said note was wholly unpaid. The amount of the note was $1,400.

Julia A. Hope, the original payee, died in 1929. The note was found among her effects after her death. William H. Hope died in June, 1930, within sixty days of the running of the statute of limitations. This action is brought under Sec. 8, Cap. 334, Gen. Laws 1923. Mary R. Cobb is a cousin of Julia A. Hope; Julia was the wife of Charles Hope, a brother of William. Julia died leaving no children and no brothers or sisters.

Marion A. Waterhouse, a bookkeeper for John Hope & Sons Engraving & Manufacturing Co., a corporation in which the two brothers, William and Charles, were the stockholders, and who conducted the business, testified she had been an employee for eleven years; that she was familiar with the personal affairs of William; that she knew about the $1,400 note; that on January 18, 1926, she made out a check for $8.75 in payment of interest on same from November, 1925, to January 18, 1926; the check was signed by William; that on January 18, 1926, another check for $8.75, payable to Julia, for interest was made out in the same way; that she made another check for $42 payable to Julia in November, 1925, and that the writing on the check stub was in the handwriting of William and marked "interest on note"; that these checks were cashed; that it was her duty to check up William Hope's bank balances; that on January 18, 1926, William told her the note had been paid; this statement was made by deceased at the time of checking up the interest due at that time; that the check books show no interest was paid subsequent to January 18, 1926; that William was a man of orderly business habits and accustomed to pay his bills promptly; that Julia had a shock some time previous to January 18, 1926, and the checks in question were delivered to her husband, Charles; that she heard Charles say to William that his wife (Julia) could not go down and get the note on account of her condition and when she was feeling better she would go down and get it.

Florence E. Hope, a sister of William and Charles, testified that her brother William told her after the death of Charles in 1929, in regard to this note, that it was all paid; that on January 2, 1930, just before he (William) died, he told her the same thing.

Joseph H. Coen, a member of the bar, testified that he acted as attorney for William H. Hope during his lifetime; that on January 2, 1930, on the Thursday prior to his death, he had a conversation with William; that a man named Parsons, handling Julia Hope's estate, notified him of the finding of this $1,400 note among her papers; that he notified William Hope; that Hope came to his office January 2, 1930; that Hope told him he had paid the note several years before, and that he (Hope) had papers which would show payment and would bring same to him (Coen) Monday, January 6, 1930; that he (Coen) was notified that Hope was sick on said Monday; that Hope from Sunday, January 5, up to his death on January 15, was in a coma and never spoke a word.

The above were the only witnesses either for plaintiff or defendants.

Under the rule in regard to statements in his own favor by a person deceased, all the testimony relative to the payment of the note was admitted. Possession of the note was prima facie proof that the note had not been paid. This is met by direct testimony based on statements of Hope made to three persons that the note had been paid. The only documentary evidence consists of check stubs showing payment of interest up to January, 1926. Since then no payments of interest appear to have been made and there is no writing evidencing payment of principal. There appears no testimony on the part of plaintiff as to any statements made by Julia relative to said note.

In view of the fact that payments of interest on the note ceased several years previous to the death of Julia and that no testimony contrary to that of the three witnesses was produced, the court is of the opinion that the note was paid by William H. Hope prior to his death.

Decision for defendant.

For plaintiff: Hinckly, Allen, Tillinghast, Phillips and Wheeler.

For defendant: J. H. Coen.